# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

**MATTHEW MCKENDRICK, # 1536116,**

    **Petitioner,**

v.                                    **CIVIL ACTION NO. 2:16cv224**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Matthew McKendrick, ("Petitioner" or "McKendrick") a Virginia state inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently serving a 60 year sentence with 56 years suspended following his conviction for carnal knowledge of a minor, asserts various violations of his federal rights, including police misconduct and ineffective assistance of counsel. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for report and recommendation. Because the petition is time-barred and procedurally defaulted the undersigned recommends it be dismissed.

1

## I. **STATEMENT OF THE CASE**

On July 22, 2014 Petitioner was convicted following his guilty plea of six counts of carnal knowledge of a minor by the Chesterfield County Circuit Court. ECF No. 16, at 1. Petitioner did not appeal his conviction nor did he file a state petition for a writ of habeas corpus. Id. Petitioner filed the current federal petition for a writ of habeas corpus, pro se, on or about April 25, 2016. Id. at 2. His federal petition raised ten claims for relief:

1. Ineffective assistance of counsel for the failure of counsel to fully inform Petitioner of the consequences of a plea agreement.

2. Error in the Chesterfield County Court's finding of probable cause at the Preliminary Hearing.

3. Violation of Petitioner's 4th Amendment rights when Fairfax Police entered Petitioner's home.

4. Violation of Petitioner's 4th Amendment rights when Fairfax Police seized Petitioner's Samsung S4 cell phone.

5. Violation of Petitioner's 4th Amendment rights when Fairfax Police searched Petitioner's Samsung S4 cell phone.

6. Violation of Petitioner's 5th Amendment rights by improper recitation of the Miranda Warnings.

7. Prosecutorial misconduct based on the use of malicious, false, and discriminatory evidence.

8. Insufficient evidence to support a charge of statutory rape.

9. Violation of Petitioner's 6th Amendment rights to present a defense.

>     10. Judicial misconduct during his plea proceeding by relying on falsified evidence provided by the Commonwealth of Virginia.

Id.

Following service of the petition, respondent timely filed a Rule 5 Answer and Motion to Dismiss McKendrick's petition for writ of habeas corpus on July 21, 2016. ECF No. 14. Respondent argued, in its motion and brief in support, that McKendrick's claims are time-barred, procedurally defaulted, and without merit. Id. After reviewing McKendrick's claims, this report concludes that his federal petition is time-barred and procedurally defaulted, and that McKendrick has not made the requisite showing to overcome these defaults to obtain federal review.

II. **RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A. Petitioner's Habeas Petition Is Time-Barred.**

McKendrick's habeas corpus petition is time-barred. The Anti-Terrorism and Effective Death Penalty Act or 28 U.S.C. § 2244 created a one-year statute of limitations for prisoners seeking federal habeas relief for a state conviction. A district court is required to dismiss any petition for writ of habeas corpus filed more than one year after (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme

3

Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The one year limitation tolls while any state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

In this case, Petitioner did not file any appeals or state habeas petitions that would have tolled the one-year limitation period. ECF No. 16, at 1. Thus the one year limitation began to run on August 21, 2014, thirty days after a judgment and conviction against Petitioner was entered on July 22, 2014. Va. Sup. Ct. R. 5A:6 (stating that a party must file a notice of appeal no more than 30 days after the entry of a final judgment if that party wants to appeal the judgment); *see, e.g.*, Legesse v. Clarke, No. 3:15CV654, 2016 WL 4435683, at *2 (E.D. Va. Aug. 18, 2016). McKendrick then had until August 21, 2015 to file his petition, however, it was not filed until April 2016, about eight months after the deadline imposed by 28 U.S.C. § 2244. ECF No. 16, at 2.

McKendrick's response asserts that the limitations period should be extended on the basis that he did not receive all of the documents related to his case until sometime in June 2015. But the statutory provision extending the limitations period does not depend upon receipt of specific documentary evidence when the "factual predicate" of the claim is otherwise known to

4

the Defendant. In this case, McKendrick's claims relate to defenses available to him before his guilty plea – namely, his claim that the 14-year old victim lied about her age and misrepresented her relationship with him to police, and that his attorney was ineffective in failing to exploit his claims.

McKendrick also alleges various constitutional violations with regard to the search of his apartment, and cell phone, officers' interrogation of him, and the conduct of the preliminary hearing. Clearly, the factual predicate for all these claims were known to McKendrick before his conviction became final. He has not identified any new fact disclosed in the supposedly after-discovered documents which would support extending the limitations period.

Further, McKendrick has not alleged the requirements necessary to establish equitable tolling. Equitable tolling is only available (1) if the petitioner was prevented from asserting his claims by some type of wrongful conduct on the part of the respondent, or (2) if extraordinary circumstances beyond the petitioner's control made it impossible for him to file within the time limitations. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In this case, Petitioner has not presented sufficient justification for his failure to file a timely petition, which would allow for equitable tolling. He did not allege any wrongful conduct by the Respondent nor any

extraordinary circumstance that prevented his timely filing. Because McKendrick filed his petition after the one year limitation and did not establish either circumstance necessary to establish equitable tolling, his petition is time-barred.

**B. Petitioner's Habeas Petition Is Procedurally Defaulted.**

In addition to being time barred, McKendrick's habeas corpus petition is procedurally defaulted and therefore barred from federal review. Before seeking a federal writ of habeas corpus, Petitioner must exhaust the remedies available to him in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). *See also* Baldwin v. Reese, 541 U.S. 27, 29 (2004); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

State prisoners must give the state court an initial opportunity to consider any alleged constitutional errors that occurred during their state trial and sentencing. Breard, 134 F.3d at 619. In order "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275-76 (1971). In this case, Petitioner did not appeal his convictions nor file a state habeas petition. ECF No. 16, at 1. Thus the Supreme Court of Virginia did not hear Petitioner's claims, and he has not "present[ed] the same factual and legal claims raised in the

6

instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000)(citing Gray v. Netherland, 518 U.S. 152, 161 (1996)); see also Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). In this case, McKendrick procedurally defaulted his claims when he failed to file a state petition before August 21, 2016. See Virginia Code § 8.01-654(A)(2) (stating that a habeas corpus petition challenging a criminal conviction or sentence must be filled within two years of final judgement). Because McKendrick would now be barred from pursuing state habeas relief by Virginia's statute of limitations, his claims are considered both exhausted and procedurally defaulted. Bassette, 915 F.2d at 936-37.

McKendrick cannot overcome this procedural default because he was unable to meet the cause and prejudice standard necessary to permit federal review. In order to do so McKendrick would

have to allege "some objective factor external to the defense [that] impeded… [Petitioner's] efforts to comply with the State's procedural rule… [or that] errors at his trial… worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986) and United States v. Frady, 456 U.S. 152, 170 (1982)). Additionally, based on the Court's own review of the record, McKendrick cannot show that a failure to review his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner presents no reliable new evidence supporting a claim of actual innocence. Sharpe v. Bell, 539 F.3d 372, 377 (4th Cir. 2010). Because McKendrick failed to show cause and prejudice or a fundamental miscarriage of justice, his procedurally defaulted and time-barred claims remain barred from federal review.

### III. RECOMMENDATION

McKendrick's claims are time-barred and procedurally defaulted. Additionally, McKendrick has not presented sufficient evidence to overcome these defaults. Therefore, the undersigned recommends that Respondent's Rule 5 Answer and Motion to Dismiss (ECF No. 14) be GRANTED and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified finds or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the petitioner and to provide an electronic copy to counsel of record for the respondent.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

October 16, 2016

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

    Matthew McKendrick # 1536116
    Haynesville Correctional Center
    P.O. Box 129
    Haynesville, Virginia 22472

A copy of the foregoing Report and Recommendation was electronically mailed this date to the following:

    Elizabeth Kiernan Fitzgerald
    Office of the Attorney General
    202 North Ninth Street
    Richmond, Virginia 23219

Fernando Galindo,
Clerk of Court

By: _____
    Deputy Clerk

__October 13__, 2016